## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| 1.  JEFF COOMES, | ) | |
| 2.  BRIAN MITCHELL | ) | |
| 3.  SEAN MCLEOD | ) | |
| 4.  TERRY FRANKLIN | ) | |
| 5.  CAREATC, INC., | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Jane Doe, ("Plaintiff") and for her claims for relief against

Defendants, alleges and states as follows:

### JURISDICTION AND VENUE

1.    This is a civil action brought pursuant to Title VII of the Civil Rights Act of 1964, as

amended 42 U.S.C §§ 2000 *et seq*.

2.    Jurisdiction over the subject matter of this action is vested in this Court pursuant to 42

U.S.C. § 2000 *et seq.*

3.    Venue is proper in this district and division under 42 U.S.C. § 2000 e-5 (f)(3),

because the unlawful employment practice occurred within this district and division

by a defendant residing within this district and division.

4.    State law claims are permitted by supplemental jurisdiction under 28 U.S.C. § 1367 *et*

*seq*.

5.    Plaintiff timely filed a charge with the Equal Employment Opportunity Commission

(hereinafter "E.E.O.C.") and gave the agency ample information in which they could

investigate her legal claims and informed the agency of other evidence or information within her control.

6.    Plaintiff was given the right to sue letter on November 20, 2020.  This action is timely filed within ninety days of receipt of the right to sue letter.

7.    Subsequent to receiving the right to sue letter, Defendant CareATC committed additional violations of Title VII of the Civil Rights Act of 1964 against her by terminating her for filing her complaint.  Plaintiff filed a separate supplemental charge for these violations.

## PARTIES

8.    Plaintiff is a resident of Tulsa County, State of Oklahoma.

9.    Defendant Jeff Coomes is a resident of Kentucky.

10.   Defendants Brian Mitchell, Sean McLeod, and Terry Franklin are citizens of Oklahoma.

11.   Defendant CAREATC, Inc. is a domestic for-profit business corporation doing business in the state of Oklahoma.

## FACTS COMMON TO ALL COUNTS

12.   The foregoing paragraphs are incorporated as if they were set out herein.

13.   CAREATC, Inc. is an on-site healthcare service provider specializing in on-site health clinics, personal health assessments and wellness programs.

14.   Plaintiff is a Registered Phlebotomist who has been employed by CAREATC, Inc. since May of 2018.

15.   Plaintiff is one of approximately 11 employees at CAREATC, Inc.'s Tulsa location who performs health assessments sometimes requiring travel.  Plaintiff's department is known as the PHA department.

16.   When PHA employees are required to travel to perform an assignment they travel with department Leads assigned to their specific job.

17.   Jeff Coomes was the lead with whom Plaintiff was frequently assigned to travel.

18.   Coomes pursued Plaintiff for months at the start of her employment trying to get Plaintiff to date him.

19.   After weeks of resistance, Plaintiff finally agreed to go out with Coomes, and they entered into an on again off again relationship.

20.   Coomes was Plaintiff's supervisor during their relationship.

21.   During the course of their relationship Coomes persuaded Plaintiff to send him intimate photographs of herself which he in turn showed to Plaintiff's co-worker Sean McLeod and another Lead Terry Franklin.

22.   Coomes also showed Plaintiff intimate photographs of other employees at CAREATC, Inc, including Brian Mitchell, Sean McLeod, and Terry Franklin, and spread the rumor that she was easy.

23.   One of her supervisors, Brian Mitchell, solicited Plaintiff for sex, ask her to help him "whack one off: on a work trip.  When she refused, he stated that at least there was plenty of lotion back in his hotel room.

24.   Coomes became angry and possessive of Plaintiff and cheated on Plaintiff with other co-workers.

25.   Plaintiff ended her relationship with Coomes, and he continued to harass her via Facebook and telephone messages.

26.   Plaintiff filed a complaint with Kim Butler, CAREATC, Inc.'s HR Administrator regarding Coomes' behavior.

27.   Ms. Butler assured Plaintiff that Sundae Smith, the PHA Supervisor, would speak with Coomes about his behavior.

28.   Ms. Smith never spoke with Coomes about his behavior, but instead led Plaintiff to believe that she would be promoted to Lead once she passed a computer proficiency test.

29.   Plaintiff passed the test and then was told CAREATC, Inc. would not be hiring any new leads.

30.   CAREATC, Inc. then promoted two of Plaintiff's co-workers who had not been with company as long as Plaintiff to Lead positions.

31.   CAREATC, Inc. continued to assign Coomes as the Lead to Plaintiff's job assignments, and Plaintiff was continually forced to work and travel with Coomes.

32.   Coomes continued to harass Plaintiff via social media and became aggressive and threatening told Plaintiff telling her not to report his behavior again.

33.   Coomes physically assaulted Plaintiff while at work, tightly grabbing her arm and yelling in her face until he made her cry.

34.   Coomes repeated grabbed Plaintiff and pulled her to him for hugs despite her express objections.

35. Plaintiff again reported Coomes' behavior to PHA Supervisor Sundae Smith who informed Plaintiff she would just have to understand that Ms. Smith and others at CAREATC, Inc. had simply known Coomes longer than they had known Plaintiff.

36. After receiving Plaintiff's EEOC complaint, CAREATC sent out a survey designed to trick Plaintiff into making a positive comment about the company in order to undermine her complaint.  Instead, Plaintiff answered the survey, "stop sexual harassment."

37. On January 8, 2021, Plaintiff requested information to apply for CAREATC's Short Term Disability benefits because she had to have surgery.

38. Instead of giving her the information she needed to apply for short term disability benefits, CAREATC fired her the next business day, January 11.

**FIRST CLAIM FOR RELIEF**
**DISCRIMINATION BASED ON SEX (TITLE VII) AND THE OKLAHOMA ANTI-DISCRIMINATION ACT (OADA) 25 O.S. § 1301 ET SEQ**

39. The foregoing paragraphs are incorporated as if they were set out herein.

40. Jeff Coomes, Plaintiff's Lead, made numerous unwanted overtures toward Plaintiff as detailed in the foregoing paragraphs.

41. After Plaintiff finally agreed to date Coomes, he enticed Plaintiff to send him private nude photographs of herself.

42. After their dating relationship ended, Coomes circulated those private photographs throughout CAREATC, Inc.

43. After their dating relationship ended, Coomes kept grabbing the Plaintiff's body without her consent.

44.   Coomes intimidated, humiliated and assaulted Plaintiff while on the job as Plaintiff's Lead supervisor at CAREATC, Inc.

45.   Brian Mitchell solicited Plaintiff for sex on the job.

46.   Plaintiff was treated differently because she was a woman.  Coomes did not make any such overtures to any man or behave in such an unwanted violent and sexual manner toward any man.

47.   After Plaintiff reported the harassment numerous times, CAREATC, Inc. failed to implement any internal policies by which employees could be protected from sexual harassment from Coomes.  The "HR department" possessed no true power to discipline or dismiss Coomes or otherwise remedy the situation.

48.   CAREATC, Inc. engaged in unlawful employment practices by allowing Plaintiff to be sexually harassed and has violated Title VII of the Civil Rights Act of 1964.

**WHEREFORE**, Plaintiff prays for judgment against Defendant CAREATC, Inc. for:

a.   Back pay and lost benefits; front pay until normal retirement;

b.   Compensatory damages for her emotional distress, pain and suffering and other non-pecuniary losses;

c.   Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;

d.   Attorney fees and the costs and expenses of this action;

e.   Equitable Relief.

f.   Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
### (HOSTILE WORK ENVIRONMENT)

49.   The foregoing paragraphs are incorporated as if they were set out herein.

50.    Defendant's actions created a hostile work environment for Plaintiff.

51.    The Defendant failed to implement any internal policies by which employees could be protected from a hostile work environment created by Coomes.  CAREATC, Inc.'s designated human resources representatives lack the ability to discipline or terminate Coomes.

**WHEREFORE**, Plaintiff prays for judgment against Defendant CAREATC, Inc. for:

a.    Back pay and lost benefits; front pay until normal retirement;

b.    Compensatory damages for her emotional distress, pain and suffering and other non-pecuniary losses;

c.    Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;

d.    Attorney fees and the costs and expenses of this action;

e.    Equitable Relief.

f.    Such other relief as the Court deems just and equitable.

<u>**THIRD CLAIM FOR RELIEF**</u>
**(RETALIATION IN VIOLATION OF TITLE VII)**

52.    The foregoing paragraphs are incorporated as if they were set out herein.

53.    Defendant CAREATC, Inc. passed over Plaintiff for a team lead promotion she was entitled to and well qualified for in retaliation for reporting Coomes' sexual harassment.

54.    The Defendant failed to implement any internal policies by which employees could be protected from retaliation.  CAREATC, Inc.'s designated human resources representatives lack the ability to discipline or terminate Coomes.

55. Defendant CAREATC terminated Plaintiff in retaliation for filing an EEOC complaint and answering the company survey honestly.

56. By taking adverse actions against the Plaintiff for her participation in protected activity, Defendant has violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq.

**WHEREFORE**, Plaintiff prays for judgment against Defendant CAREATC, Inc. for:

a. Back pay and lost benefits; front pay until normal retirement;

b. Compensatory damages for her emotional distress, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;

d. Attorney fees and the costs and expenses of this action;

e. Equitable Relief.

f. Such other relief as the Court deems just and equitable.

### FOURTH CLAIM FOR RELIEF
**(Disability Discrimination)**

57. Plaintiff incorporates the foregoing paragraphs as if set forth herein.

58. This claim is brought by Plaintiff against Defendant CAREATC.

59. Instead of giving Plaintiff the information she needed to apply for short term disability benefits while she was recovering from surgery, Defendant fired her.

**WHEREFORE**, Plaintiff Jane Doe prays for judgment against Defendants for:

a. Back pay and lost benefits,

b. Compensatory damages for her emotional distress, pain and suffering, and other non-pecuniary losses;

c.  Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;

d.  Attorney fees, costs, and expenses of this action;

e.  Equitable Relief;

f.  Such other relief as the Court deems just and equitable.

### FIFTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress by Supervisor)

60.  The foregoing paragraphs are incorporated as if they were set out herein.

61.  Coomes' conduct from his position as a supervisor outlined in the foregoing paragraphs, particularly by sharing intimate photographs of Plaintiff and violating her bodily integrity, was outrageous and beyond all bounds of decency.

62.  Brian Mitchell's conduct from his position as a supervisor soliciting sex from Plaintiff outlined in the foregoing paragraphs was outrageous and beyond all bounds of decency.

63.  Plaintiff has suffered actual damages, emotional distress from Defendants' actions.

**WHEREFORE**, Plaintiff Jane Doe prays for judgment against Defendants Jeff Coomes and Brian Mitchell for:

a.  Compensatory damages for economic damages, emotional distress, pain and suffering and other non-pecuniary losses;

b.  Punitive damages:

c.  Attorney fees and the costs and expenses of this action;

d.  Equitable Relief.

e.  Such other relief as the Court deems just and equitable.

## SIXTH CLAIM FOR RELIEF
### (Assault and Battery)

64.    The foregoing paragraphs are incorporated as if they were set out herein.

65.    Defendant Jeff Coomes assaulted and battered Plaintiff as detailed in the foregoing paragraphs by grabbing her body without permission.

66.    Plaintiff was contacted and placed in apprehension of contact in an offensive and harmful manner by Coomes as detailed in the foregoing paragraphs.

67.    Plaintiff has suffered actual damages and emotional distress from Defendants' actions.

**WHEREFORE,** Plaintiff prays for judgement against Defendants Jeff Coomes for:

   a.   Compensatory damages for economic damages, emotional distress pain and suffering and other non-pecuniary losses;

   b.   Punitive damages;

   c.   Attorney fees and costs and expenses of this action;

   d.   Equitable Relief;

   e.   Such other relief as the Court deems just and equitable.

## SEVENTH CLAIM FOR RELIEF
### (Invasion of Privacy by Revenge Pornography – 21 Okl. St. §1040.13b)

68.    The foregoing paragraphs are incorporated as if they were set out herein.

69.    Defendant Jeff Coomes and Plaintiff had a relationship for a time where Coomes solicited explicit photographs from Plaintiff.

70.    As a material condition of receiving the explicit photographs, Coomes agreed to keep the photographs to himself and not to share them with anyone else.

71.   When Plaintiff terminated the relationship, Coomes shared the photographs out of spite with Brian Mitchell, Sean McLeod and Terry Franklin and others, while spreading the rumor that Plaintiff was promiscuous using the photographs in support.

72.   Brian Mitchell, Sean McLeod, and Terry Franklin participated by receiving and reviewing the photographs of Plaintiff shown by Coomes with prurient interest and without prior authorization from Plaintiff.

73.   Brian Mitchell, Sean McLeod, and Terry Franklin knew or should have known that they did not have authorization to review intimate photographs of Plaintiff, or should have asked her first.

74.   Plaintiff had a reasonable expectation of privacy in the intimate photographs she sent to Jeff Coomes, and Brian Mitchell, Sean McLeod, and Terry Franklin knew or should have know that Plaintiff had a reasonable expectation of privacy from Coomes.

**WHEREFORE,** Plaintiff prays for judgement against Defendants Jeff Coomes, Brian Mitchell, Sean McLeod, and Terry Franklin for:

a.   Compensatory damages for economic damages, emotional distress, pain and suffering and other non-pecuniary losses:

b.   Punitive damages;

c.   Attorney fees and costs and expenses of this action;

d.   Equitable Relief;

e.   Such other relief as the Court deems just and equitable.

**JURY TRIAL DEMANDED ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**s/  CALEB M. SALMON**

_____

Caleb M. Salmon, OBA No. 32272
AIZENMAN LAW GROUP
5800 E. Skelly Dr., Suite 575
Tulsa, Oklahoma 74135
Telephone:   (918) 426-4878
Facsimile:    (918) 513-6860
*Attorney for Plaintiff*