UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
|       Plaintiff, | ) |
| | )   Case No. 21-CV-67-TCK-CDL |
| v. | ) |
| | ) |
| JEFF COOMES and | ) |
| CAREATC, INC., | ) |
| | ) |
|       Defendants. | ) |

**OPINION AND ORDER**

Before the Court are Defendants' Motion for Sanctions (Doc. 20), Defendants' Motion to Dismiss (filed as part of the Motion for Sanctions) (*see* Doc. 21), and Defendants' Motion for Protective Order (Doc. 25). The above motions have been referred to the undersigned for disposition. *See* L. Civ. R. 37-2(a); L. Civ. R. 72-1(a); *see also* Fed. R. Civ. P. 72(a).

**I.    Background**

Plaintiff's allegations in this case arise from her employment with Defendant CareATC, Inc., and the termination of her employment in January 2021. (*See* Doc. 2 ¶¶ 12-38). Plaintiff's Complaint (Doc. 2) alleges claims for gender discrimination, hostile work environment, unlawful retaliation, disability discrimination, intentional infliction of emotional distress, assault and battery, and invasion of privacy by revenge pornography.

## II. Motion for Sanctions

In their Motion for Sanctions, Defendants contend that Plaintiff failed to timely provide initial disclosures by August 12, 2021 as required under Fed. R. Civ. P. 26(a)(1). Defendants' counsel sent emails to Plaintiff's counsel requesting the overdue initial disclosures on September 15, 2021 and October 18, 2021 and called Plaintiff's counsel on November 1, 2021 and left a voicemail. Counsel for Defendants, Caitlin Housley-Roth, stated in an affidavit that Plaintiff's counsel failed to respond to those communications. (Doc. 20-1 at ¶¶ 8-11).

Under Fed. R. Civ. P. 26(a)(1), "a party must, without awaiting a discovery request, provide to the other parties" certain information, including the names of individuals likely to have discoverable information, a copy of documents the party may use to support its claims or defenses, and a computation of damages. Fed. R. Civ. P. 37(c)(1)(C) provides that if a party fails to provide such information, "unless the failure was substantially justified or is harmless," the party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial." The determination of whether a violation is justified or harmless "is entrusted to the broad discretion of the district court." *Neiberger v. FedEx Ground Pkg. Sys.*, 566 F.3d 1184, 1191-92 (10th Cir. 2009). The court may impose additional or alternative sanctions, including the "payment of reasonable expenses, including attorney's fees, caused by the failure," or other sanctions authorized

by the Rule for disobeying a discovery order, upon a motion and opportunity to be heard. *See* Fed. R. Civ. P. 37(c)(1)(C); *id.* at R. 37(b)(2)(A).[1]

Plaintiff's response brief attaches a list addressing the initial disclosure categories identified in Rule 26(a)(1)(A). (*See* Doc. 22-1). Therein, Plaintiff states that her lists of individuals with discoverable information and of documents are the same as those identified by Defendants. (*See id*. at 1). Although she does not dispute that she failed to provide this information within the time frame set by the Rules, Plaintiff argues that this failure was both justified and harmless.

Plaintiff contends that her failure to timely provide initial disclosures is justified, because Defendants' own initial disclosures, as submitted on August 12, 2021, were incomplete. Plaintiff's counsel avers that Defendants failed to produce documents that they contend support their defenses and that are necessary to calculating damages, including the value of short-term disability benefits that Plaintiff allegedly sought before she was terminated. (*See* Doc. 22 at ¶ 37-38). However, Plaintiff's response does not address Defendants' allegation that Plaintiff's counsel failed to respond to multiple messages from Defendants' counsel—delivered between September 15, 2021 and November 1, 2021— regarding Plaintiff's failure to submit initial disclosures. (*See* Doc. 20-1 at ¶¶ 8-10; Doc.

---

[1] While notice and an opportunity to respond are required when a party is faced with the possible assessment of costs, expenses, or attorney fees, "[a]n opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient to satisfy due process requirements." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 268 (10th Cir. 1995) (citing *White v. Gen. Motors Corp.*, 908 F.2d 675, 686 (10th Cir. 1990)). Plaintiff submitted a brief responding to the Motion for Sanctions, which the undersigned has considered along with the motion. Accordingly, a hearing is not necessary.

23 at 1). The failure by Plaintiff's counsel to respond to communications over approximately three months undermines any such justification.

However, Rule 37 calls for use-exclusion or other sanctions only if the failure to disclose harmed the receiving party. Examples of a harmless violation of the initial disclosure duty include "the failure to list as a trial witness a person so listed by another party." Fed. R. Civ. P. 37, 1993 Advisory Committee Notes. As noted, Plaintiff has not identified individuals or documents other than those in Defendants' disclosures. There has been no identified harm as contemplated under the rule.

Defendants argue that, nonetheless, the allegations in Plaintiff's Complaint are "inherently prejudicial to the reputation of both CareATC as a company and Jeff Coomes as an individual." (Doc. 20 at 4). However, they offer little basis to find that any alleged reputational harm might have been spared, had Plaintiff submitted her initial disclosures earlier. Contrary to Defendants' assertion that the allegations have been "allowed to sit stagnant," the Court ruled on all motions to dismiss within a matter of weeks after the end of the period for briefing those motions. *Id.*; *see also* Doc. 18. The Court shortly thereafter entered a Scheduling Order, under which the time period for discovery remains open until January 24, 2022. (*See* Doc. 19). Finally, as noted, Plaintiff's initial disclosures identify the same individuals and documents Defendants have already identified.[2]

---

[2] This argument is further undermined by Defendants' Motion for Protective Order (Doc. 25), in which Defendants seek a stay of discovery pending a ruling on their request for dismissal as a sanction—relief that would only serve to further prolong this litigation. (*See* Doc. 21).

Under these circumstances, the Court finds that Plaintiff's failure to provide initial disclosures earlier was harmless. While the Court does not condone the failure of Plaintiff's counsel to comply with the Federal Rules or to respond to the efforts of defense counsel to meet and confer, the Tenth Circuit has held that Rule 37 does not authorize monetary sanctions against a party's counsel (rather than against the party herself) absent a showing of bad faith. *See Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1230 (10th Cir. 2015). The Court finds that the Plaintiff should not be required to bear the costs and attorney's fees incurred by Defendants in filing the Motion for Sanctions.

Defendants' Motion for Sanctions (Doc. 20) is thus denied. As sanctions are not warranted, Defendants' Motion to Dismiss (Doc. 21), filed as part of the Motion for Sanctions, is also denied. Denial of the dismissal motion by this order, rather than by report and recommendation, is appropriate because the undersigned has not imposed a dispositive sanction. *See* Fed. R. Civ. P. 72(a); *see also Gomez v. Martin Marietta Corp.*, 50 F. 3d 1511, 1519-20 (10th Cir. 1995) ("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b)."); *Goodly v. Check-6, Inc.*, 16-cv-334-GKF-JFJ, 2018 WL 587237, fn. 2 (N.D. Okla. Jan. 29, 2018) (unpublished); *Potter v. Synerlink Corp.*, 08-cv-674-GKF-TLW, 2010 WL 4636637, fn. 1 (N.D. Okla. Nov. 5, 2010) (unpublished).[3]

---

[3] Even had the Court determined that sanctions were appropriate for the conduct alleged in the defense motion, the Court alternatively finds that dismissal would not be just or appropriate under the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992).

### III. Motion for Protective Order

While the Motion for Sanctions was pending, Defendants filed a Motion for Protective Order requesting a stay of discovery pending disposition of their Motion for Sanctions. Because the Court has determined that motion, the Motion for Protective Order Staying Discovery Pending Resolution of Defendants' Motion to Dismiss (Doc. 25) is moot.

### IV. Conclusion

For the foregoing reasons, the Motions for Sanctions (Doc. 20) and dismissal (Doc. 21) are **denied**, and the Motion for Protective Order (Doc. 25) is **moot**.

IT IS SO ORDERED this 18th day of January, 2022.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge